**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**ANSARULLAH DAWOUDI,
on behalf of plaintiff and the
class members described herein,**

          **Plaintiff,**

          **vs.**

**NATIONSTAR MORTGAGE LLC,
doing business as MR. COOPER and
TIAA FSB,**

          **Defendants.**

**Case No: 1:19-cv-3783**

Honorable John Robert Blakey

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................. 1

II.    RELEVANT FACTS .......................................................................................... 2

III.   LEGAL STANDARD........................................................................................ 3

IV.   LEGAL ARGUMENT ...................................................................................... 3

     A.    Plaintiff's "Property Inspection Fee" FDCPA Claim Should Be Dismissed........ 3

          1.    Plaintiff's Mortgage Agreement Permits Property Inspection Fees .......... 4

          2.    Neither FHA Regulations or the HUD Handbook Preclude Defendants from Collecting Property Inspection Fees ............................ 5

     B.    Plaintiff's "Late Fee" FDCPA Claim Should Be Dismissed ................................ 7

          1.    The Payoff Statement Was Not An Attempt To Collect A Debt............... 7

          2.    The Alleged Misrepresentation Was Not Material ................................... 8

     C.    Plaintiff's RESPA Claims Should be Dismissed ................................................. 9

          1.    Plaintiff Does Not Allege Facts That Establish A RESPA Violation........ 9

          2.    Plaintiff's RESPA Claim Fails Because He Has Not Identified Any Resulting Damages ................................................................................ 12

     D.    Plaintiff's TILA Claim Fails ............................................................................ 13

          1.    The April 18 Letter Is Not A Response To Plaintiff's March 28th Request.................................................................................................. 13

          2.    Neither Defendant Is Liable Under TILA............................................... 13

V.    CONCLUSION................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................................3

*Baez v. Specialized Loan Servicing, LLC*,
709 F. App'x 979 (11th Cir. 2017) ...............................................................................9

*Bailey v. Security National Servicing Corp.*,
154 F.3d 384 (7th Cir. 1998) ...............................................................................7, 8, 11

*Bates v. JPMorgan Chase Bank, NA*,
768 F.3d 1126 (11th Cir. 2014) ................................................................................6, 11

*Battah v. ResMAE Mortgage Corp.*,
746 F. Supp. 2d 869 (E.D. Mich. 2010).......................................................................12

*Bauer v. Roundpoint Mortg. Servicing Corp.*,
No. 1:18-CV-03634, 2018 WL5388206 (N.D. Ill. Oct. 29,2018) ...............................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).....................................................................................................3, 4

*Benner v. Bank of Am., N.A.*,
917 F. Supp. 2d 338 (E.D. Pa. 2013) .............................................................................4

*Bernstein v. Wells Fargo & Co.*,
No. 1:18-CV-02887-RWS-CMS, 2018 WL 7018007 (N.D. Ga. Nov. 28,
2018) ..............................................................................................................................15

*Bernstein v. Wells Fargo Bank, N.A.*,
No. 1:18-CV-2887-RWS, 2019 WL 177206 (N.D. Ga. Jan. 3, 2019)........................15

*Boucher v. Fin. Sys. of Green Bay*,
880 F.3d 362 (7th Cir. 2018) .........................................................................................4

*City of Rohnert Park v. Harris*,
601 F.2d 1040 (9th Cir. 1979) .......................................................................................6

*Conley v. Gibson*,
355 U.S. 41 (1957)..........................................................................................................3

*Dawoudi v. Nationstar Mortgage, LLC*,
No. 1:16-cv-02356, 2016 U.S. Dist. LEXIS 127134 (N.D. Ill. Sept. 16, 2016 ).........3

*Evanto v. Fed. Nat. Mortg. Ass'n*,
  814 F.3d 1295 (11th Cir. 2016) ................................................................................14, 15

*Gen. Elec. Capital Corp. v. Lease Resolution Corp.*,
  128 F.3d 1074 (7th Cir. 1997) ........................................................................................3

*Hahn v. Triumph Partnerships LLC*,
  557 F.3d 755 (7th Cir. 2009) ..........................................................................................8

*Iroanyah v. Bank of Am.*,
  753 F.3d 686 (7th Cir. 2014) ........................................................................................14

*Janetos v. Fulton Friedman & Gullace, LLP*,
  825 F.3d 317 (7th Cir. 2016) ..........................................................................................8

*Kemp v. Seterus, Inc.*,
  348 F. Supp. 3d 443 (D. Md. 2018) ..............................................................................15

*Kitty Yinling Zhang v. Countrywide Home Loans, Inc.*,
  601 F. App'x. 567 (9th Cir. 2015) ................................................................................12

*Knopp v. Wells Fargo Bank, N.A.*,
  No. 16 C 2330, 2017 WL 7693399 (N.D. Ill. Jan. 30, 2017) .................................14

*Limestone Dev. Corp. v. Vill. of Lemont*,
  520 F.3d 797 (7th Cir. 2008) ..........................................................................................4

*Lox v. CDA, Ltd.*,
  689 F.3d 818 (7th Cir. 2012) ..........................................................................................8

*Markette v. HSBC Bank*,
  No. 15-CV-05271, 2018 WL 1695368 (N.D. Ill. Apr. 6, 2018) ...............................9

*Mekani v. Homecomings Fin., LLC*,
  752 F. Supp. 2d 785 (E.D. Mich. 2010) ......................................................................12

*Mitchell v. Chase Home Finance LLC*,
  No. 3:06-CV-02099-K, 2008 WL 623395 (N.D. Tex. Mar. 4, 2008) ........................6

*Perdum v. Wells Fargo Home Mortg.*,
  No. 1:17-CV-00972-SCJ-JCF, 2017 WL 8186694 (N.D. Ga. Dec. 8, 2017) ...........15

*Rizzo v. Pierce & Assocs.*,
  351 F.3d 791 (7th Cir. 2003) ..........................................................................................4

*Roberts v. Cameron–Brown Co.*,
  556 F.2d 356 (5th Cir.1977) ..........................................................................................6

*Russell v. Nationstar Mortg., LLC*,
    No. 14-61977-CIV-BLOOM/VALLE, 2015 WL 5819663 (S.D. Fla. Oct. 6,
    2015) ...............................................................................................................12

*Saccameno v. Ocwen Loan Servicing, LLC*,
    372 F. Supp. 3d 609 (N.D. Ill. 2019) ..............................................................9, 12

*St. Claire v. Ditech Fin. LLC*,
    No. 1:17-CV-03370-AT-JFK, 2018 WL 3745052 (N.D. Ga. Apr. 26, 2018) ........11

*St. Claire v. Ditech Fin., LLC*,
    No. 1:17-CV-3370-AT-JFK, 2018 WL 4850127 (N.D. Ga. Sept. 21, 2018), ........11

*Vega v. Ocwen Fin. Corp.*,
    No. 14-CV-4408, 2015 WL 1383241 (C.D. Cal. Mar. 24, 2015) ...........................5

*Ventre v. Datronic Rental Corp.*,
    No. 92-C-3289, 1996 WL 66115 (N.D. Ill. Feb. 13, 1996) ..............................10, 13

*Weir v. Cenlar FSB*,
    No. 16-CV-8650 (CS), 2018 WL 3443173 (S.D.N.Y. July 17, 2018) ....................5

**Statutes**

12 U.S.C. § 2605(e) ......................................................................................................9

12 U.S.C. § 2605(e)(2)(C) ..........................................................................................10

15 U.S.C. § 1602(g) .....................................................................................................14

15 U.S.C. § 1641(a) .....................................................................................................14

15 U.S.C. § 1641(f)(1) ..................................................................................................14

15 U.S.C. § 1692e ..........................................................................................................4

15 U.S.C. §§ 1692e, 1692g ...........................................................................................7

Federal Debt Collection Practices Act ........................................................... *passim*, 1

National Housing Act ....................................................................................................6

Real Estate Settlement Procedures Act .......................................................... *passim*, 2

Truth in Lending Act ...................................................................................2, 13, 14, 15

**Other Authorities**

12 C.F.R. § 1024.35(e)............................................................................................10, 11

24 C.F.R. § 203.363 ...............................................................................................................6

24 C.F.R. § 203.777 ...............................................................................................................5

Fed. R. Civ. P. 8(a)(2) ...........................................................................................................3

*HUD Handbook 4330.1*, Ch. 9-9(A)(1)(b) .........................................................................5, 6

*Mortgagee Letter 81-26,* 1981 WL 389744 (June 16, 1981) ...............................................6

Fed. R. Civ. P. 12(b)(6).........................................................................................................3

Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") and TIAA, FSB d/b/a TIAA Bank ("TIAA Bank", collectively "Defendants"), by counsel, submit this Memorandum in Support of its Motion to Dismiss Plaintiff's Class Action Complaint.

## I.      INTRODUCTION

Plaintiff filed this putative class action against Nationstar, the servicer of his mortgage loan, and TIAA Bank, the owner of his loan. Plaintiff concedes that he defaulted on his mortgage more than four years ago in 2015. However, he claims that Defendants committed technical violations of various consumer protection statutes in their subsequent communications with him. Plaintiff's complaint should be dismissed because it fails to state a valid claim for relief under any of these statutes.

First, Plaintiff contends that Nationstar violated the Federal Debt Collection Practices Act ("FDCPA") by attempting to collect illegal property inspection fees and improperly attempting to assess post-acceleration late fees. But Plaintiff's mortgage agreement clearly authorizes Nationstar to collect property inspection fees upon Plaintiff's default. As such, the fees are not "illegal" or improper in any way. Furthermore, Nationstar did not attempt to collect post-acceleration late fees, and Nationstar's comments about the late fees were immaterial given that Plaintiff had no intention of making his monthly mortgage payments.

Second, Plaintiff claims that Nationstar violated the Real Estate Settlement Procedures Act ("RESPA") by not adequately responding to Plaintiff's Qualified Written Request for information ("QWR"). However, the documents attached to the complaint contradict Plaintiff's allegations. The alleged deficient response was not a "response" to Plaintiff's QWR, but instead a response to a different letter from Plaintiff that is not attached to the complaint. Moreover, the

response contains the information Plaintiff requested. Finally, Plaintiff's RESPA claim fails because Plaintiff does not identify any resulting damages, a required element of the claim.

Third, Plaintiff's Truth in Lending Act ("TILA") claim should be dismissed because, as a general rule, TILA only imposes liability on the original creditor of the loan. Neither Nationstar, nor TIAA Bank, is the original creditor on the loan. Nationstar is the servicer. TIAA Bank is the owner. Thus, neither defendant can incur liability under TILA. Additionally, the documents attached to the complaint do not demonstrate an actual violation.

Because Plaintiff has failed to state a cognizable claim for relief under the FDCPA, RESPA, or TILA, the complaint should be dismissed.

## II.    RELEVANT FACTS

Plaintiff obtained a mortgage from Freedom Mortgage Corporation on December 21, 2012 (the "Mortgage"). Compl. ¶ 28; Request for Judicial Notice ("RJN"), Ex. 1. In May 2015, Nationstar began servicing the loan. Compl. ¶ 30. Plaintiff admits that he defaulted on the loan before May 2015. Compl. ¶ 31. TIAA Bank is the current owner of the loan. *Id*. ¶ 33.

Paragraph 5 of Plaintiff's Mortgage authorizes the lender to conduct property inspections if the borrower defaults: **"**Lender may inspect the Property if the Property is vacant or abandoned ***or the loan is in default***." RJN, Ex. 1, ¶ 5 (emphasis added). The Mortgage also authorizes the lender to take measures to protect the property upon a borrower's default and add the cost incurred in performing such actions to the borrower's loan balance:

> **7. "Charges to Borrower and Protection of Lender's Rights in the Property:** If Borrower fails to make [payments required by the Mortgage]…then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property…Any amounts disbursed by the Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument." *Id.* ¶ 7.

Plaintiff, represented by the same counsel in this lawsuit, filed his first lawsuit against Nationstar in February 2016.  *See Dawoudi v. Nationstar Mortgage, LLC*, Case No. 1:16-cv-02356, 2019 U.S. Dist. LEXIS 127134 (N.D. Ill. Feb. 18, 2016); RJN, Ex. 2.  There, Plaintiff alleged similar technical violations of the FDCPA.  *Id.*  Specifically, Plaintiff claimed that Nationstar's debt collection communications sought to collect fees not authorized by HUD or FHA guidelines.  *Id.*  Plaintiff dismissed that case in February 2017 and subsequently filed this lawsuit in June 2019.  RJN, Ex. 3.

## III.  LEGAL STANDARD

A motion to dismiss under Federal Rules of Civil Procedure, Rule 12(b)(6) "challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).  The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice" of what the claim is "and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## IV.  LEGAL ARGUMENT

### A.  Plaintiff's "Property Inspection Fee" FDCPA Claim Should Be Dismissed

Plaintiff alleges that Nationstar violated the FDCPA by charging him property inspection fees that "could not legally be charged" because HUD prohibits such fees.  Compl. ¶¶ 41-43 and

63.  This claim should be dismissed because Plaintiff's mortgage agreement authorizes

Nationstar to collect property inspection fees upon his default.  Furthermore, neither FHA

regulations or the HUD Handbook preclude Nationstar from collecting such fees.

1.  ***Plaintiff's Mortgage Agreement Permits Property Inspection Fees***

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading

representations in connection with the collection of any debt."  *Boucher v. Fin. Sys. of Green*

*Bay*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting 15 U.S.C. § 1692e).  Plaintiff contends that

Nationstar violated the FDCPA by collecting fees not "expressly authorized by the agreement

creating the debt or permitted by law," thereby making false representations about the amount of

debt owed.  Compl. ¶ 63.  But Plaintiff's Mortgage allows the charging of property inspection

fees if Plaintiff defaults.  *See, supra,* at p. 2-3. Plaintiff admits he defaulted on his loan.  Compl.

¶ 31.  Thus, there can be no dispute that the Mortgage permitted the disputed fees.

A lender does not violate the FDCPA by charging fees expressly authorized by a

mortgage agreement.  *See Rizzo v. Pierce & Assocs.,* 351 F.3d 791, 794 (7th Cir. 2003).  Several

courts have dismissed similar FDCPA challenges to property inspection fees because the

mortgage agreements permitted such fees.  *See e.g.*, *Benner v. Bank of Am., N.A.*, 917 F. Supp.

2d 338, 353-54 (E.D. Pa. 2013) (dismissing FDCPA claim because plaintiff's mortgage

explicitly allowed for property inspections in event of default); *Weir v. Cenlar FSB*, No. 16-CV-

8650 (CS), 2018 WL 3443173, at *9–10 (S.D.N.Y. July 17, 2018) (same); *Vega v. Ocwen Fin.*

*Corp.*, No. 14-CV-4408, 2015 WL 1383241, at *6 (C.D. Cal. Mar. 24, 2015) (same).  This Court

should similarly dismiss Plaintiff's claim here because the Mortgage permits the disputed fees.

2.      ***Neither FHA Regulations or the HUD Handbook Preclude Nationstar from Collecting Property Inspection Fees***

Plaintiff contends the property inspection fees are illegal *only* because FHA regulations and HUD guidance prohibits the collection of such fees when the property is occupied. However, contrary to Plaintiff's allegations, both HUD and the FHA *require* mortgagees to conduct property inspections to preserve the security interest in the property – even when such properties are occupied. *See HUD Handbook 4330.1*, Ch. 9-9(A)(1)(b) (identifies scenarios in which property inspections are appropriate on occupied properties)[1] and 24 C.F.R. § 203.777 (mortgagee "shall be responsible for the inspection of" the properties). The regulations dictate the minimum number of property inspections that must be performed and proscribe which inspections fees HUD will reimburse. *Id.* Nowhere do they forbid the mortgagee to conduct property inspections on defaulted mortgages.

The HUD guidance cited in the complaint illustrates this point. First, the quoted language from 24 C.F.R. § 203.777 does not prohibit property inspection fees on occupied properties. Compl. ¶ 41. Instead, it describes the mortgagee's responsibility to conduct such inspections and to preserve the property. *Id.* Similarly, neither the HUD Mortgage Letter, nor the HUD Handbook, contain such an express prohibition. The Mortgage Letter explains what property inspection fees HUD will reimburse. *See Mortgagee Letter 81-26,* 1981 WL 389744 (June 16, 1981). The HUD Handbook proscribes different scenarios in which property inspections *should continue* after the initial inspection confirms the property is occupied. *See HUD Handbook 4330.1*, Ch. 9-9(A)(1)(b). Plaintiff has not and cannot identify any HUD

---

[1] The HUD Handbook is available at:
https://www.hud.gov/program_offices/administration/hudclips/handbooks/hsgh/4330.1 (last visited July 31, 2019)

regulation that categorically prohibits property inspections on occupied properties, and thus has not demonstrated that such fees are illegal in any way.

Second, even if HUD prohibited property inspections on occupied properties – which it does not – such an alleged violation would only affect the mortgagee's ability to recover FHA benefits. *See* 24 C.F.R. § 203.363 (HUD may decline a claim for expense reimbursements based on a mortgagee's noncompliance with HUD regulations). It does not impact the mortgagee's rights under the mortgage agreement. Suggesting otherwise is akin to allowing Plaintiff a private right of action to sue for a violation of HUD regulations or the HUD Handbook. Courts have rejected mortgagors' previous attempts to do so. By its structure, the National Housing Act "govern[s] relations between the mortgagee and the government, and give[s] the mortgagor no claim for duty owed or for the mortgagee's failure to follow" the statute or its implementing regulations. *Mitchell v. Chase Home Finance LLC*, No. 3:06-CV-02099-K, 2008 WL 623395, at *3 (N.D. Tex. Mar. 4, 2008). For that reason, a borrower does not have the right to sue for a violation of the FHA regulations or the HUD Handbook. *See e.g.*, *City of Rohnert Park v. Harris*, 601 F.2d 1040, 1046 - 47 (9th Cir. 1979); *See Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1130–31 (11th Cir. 2014) ("there is no express or implied statutory right of action for HUD violations"); *Roberts v. Cameron–Brown Co.*, 556 F.2d 356, 360–61 (5th Cir.1977) (holding that mortgagors do not have an express or implied private right of action based on the HUD Handbook which "HUD has chosen not to publish ... thus prohibiting it from having the force and effect of law").

For these reasons, the Court should dismiss Plaintiff's property inspection FDCPA claim because the HUD regulations do not render such fees illegal in any way.

### B.     Plaintiff's "Late Fee" FDCPA Claim Should Be Dismissed

Plaintiff contends that Nationstar violated the FDCPA by attempting to collect unlawful post-acceleration late fees.  Compl. ¶¶ 38-40.  The Court should dismiss this claim because Nationstar did not attempt to collect such fees and because the alleged misrepresentation was immaterial.

#### 1.     *The Payoff Statement Was Not An Attempt To Collect A Debt*

The FDCPA only applies to communications "in connection with the collection of any debt."  *See* 15 U.S.C. §§ 1692e, 1692g.  Here, after years of litigation with Nationstar regarding the default of his loan, which occurred in 2015, Plaintiff's attorney requested a payoff statement from Nationstar in February 2019.  Nationstar provided Plaintiff the payoff statement in response.  *See* Compl. Ex. C ("Per your client's request, we've enclosed an updated Payoff Statement.")

The FDCPA does not govern the payoff statement because it was not an attempt to collect a debt.  The communication at issue in *Bailey v. Security National Servicing Corp.,* 154 F.3d 384 (7th Cir. 1998) was similar.  In *Bailey*, the Seventh Circuit held that the communication *was not* an attempt to collect a debt because it did not demand immediate payment, contained only prospective deadlines for payments, and did not represent that the debt was past due.  *Id.* Accordingly, the communication fell outside the purview of the FDCPA.

The same is true here.  First, the payoff statement does not demand payment.  Compl. Ex. C.  It merely provides the terms required for Plaintiff to pay off his loan in full.  The communication in no way requires or requests that Plaintiff take that option.  *Id.*  Second, the payoff statement contains only prospective due dates for optional payments.  Third, it does not state that the payoff amount is past due or owing.  Thus, like the communication analyzed in *Bailey*, the payoff statement was not an attempt to collect a debt and thus falls outside the

7

purview of the FDCPA. *Bailey,* 154 F.3d at 384. For this reason, Plaintiff's FDCPA claim should be dismissed.

### 2. *The Alleged Misrepresentation Was Not Material*

Even if the payoff statement were an attempt to collect a debt—it was not— the FDCPA claim should be dismissed for the additional reason that any alleged misrepresentation was not "material." As the Seventh Circuit has explained, a tension exists within the FDCPA. Though "some flagrant abuses by debt collectors are held in check by the collective effort of those who are abused," the "law can be abused just as easily by attorneys who use debtors to allege and test the most minute violations of a concededly intricate statutory scheme." *Bailey,* 154 F.3d. at 388. For this reason, the Seventh Circuit has imposed a materiality requirement. *See Hahn v. Triumph Partnerships LLC,* 557 F.3d 755, 758 (7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.").

To prevail on his FDCPA claim, Plaintiff must demonstrate that the alleged misrepresentation was material. A statement is material if it could have impacted or influenced a consumer's decision making with regard to the subject debt. *See Janetos v. Fulton Friedman & Gullace, LLP,* 825 F.3d 317, 324 (7th Cir. 2016) ("For [FDCPA] claims, we must assess allegedly false or misleading statements to determine whether they could have any practical impact on a consumer's rights or decision-making process—that is, whether they represent the kind of conduct the Act was intended to eliminate."); *Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012) ("[A] false or misleading statement is only actionable under the FDCPA if it is material, meaning that it has the ability to influence a consumer's decision."). Plaintiff has made no such showing here.

Plaintiff does not allege that Nationstar's comments about the late fees affected or impacted his decision whether to pay off his mortgage account at that time. Without such

allegations, Plaintiff has not shown that the representation was material. *See Markette v. HSBC Bank*, No. 15-CV-05271, 2018 WL 1695368, at *5 (N.D. Ill. Apr. 6, 2018) (finding that a statement that would not affect the consumer's decision making with regard to the owed debt is not material under the FDCPA). Furthermore, Plaintiff's extended delinquency on his loan suggests that he lacked the ability to both make his monthly mortgage payments and/or pay off the entire balance of the loan. Thus, it is not clear how Nationstar's statements about prospective late charges could have impacted his decision with regard to the payoff statement.

Because there are no allegations that Nationstar's alleged misrepresentations concerning Plaintiff's late fees impacted Plaintiff's decision making, the statement is not material under the FDCPA. For that reason, the claim should be dismissed.

### C.   Plaintiff's RESPA Claims Should be Dismissed

Plaintiff claims that Nationstar violated 12 U.S.C. § 2605(e) ("Section 2605e") by failing to adequately respond to his November 9, 2019 QWR ("November 9 QWR"). To state a valid claim under RESPA, Plaintiff must show that Nationstar failed to comply with one of Section 2605(e)(2)'s requirements and that he suffered actual injury as a result. *See Saccameno v. Ocwen Loan Servicing, LLC*, 372 F. Supp. 3d 609, 637 (N.D. Ill. 2019) (citing *Baez v. Specialized Loan Servicing, LLC*, 709 F. App'x 979, 982 (11th Cir. 2017)) (a RESPA Claim requires Plaintiffs to show "actual damages sustained as a result of the failure to comply"). Plaintiff's complaint fails to satisfy either of these requirements.

#### 1.   *Plaintiff Does Not Allege Facts That Establish A RESPA Violation*

Plaintiff's RESPA claim should be dismissed because the documents attached to the complaint contradict his factual allegations. On a motion to dismiss, a Court need not accept as true facts contradicted by allegations in the complaint. *See Ventre v. Datronic Rental Corp.*, No. 92-C-3289, 1996 WL 66115, at *2 (N.D. Ill. Feb. 13, 1996).

9

Plaintiff claims that Nationstar's February 12, 2019 correspondence ("February 12 Letter") failed to adequately respond to his QWR, dated November 9, 2018.  Compl. ¶¶ 34-35.  But the February 12 Letter was <u>not</u> a response to the November 9 QWR.  Instead, Nationstar sent the February 12 Letter in response to a January correspondence (tellingly not attached to the complaint), in which Plaintiff notified Nationstar of a purported servicing error on his account and requested a payoff statement.  *See Id.,* Ex. B ("We received your client's correspondence on ***January 23, 2019***, and have put together this reply…." (emphasis added).)  Plaintiff's November 9 QWR does not request a payoff statement and does not allege an error occurred on the account.  *See* Compl., Ex. A.  Plaintiff bases his RESPA claim entirely on the allegation that Nationstar's February 12 Letter failed to adequately respond to Plaintiff's November 9 QWR.  Because the February 2019 Letter was not sent in response to the November 9 QWR, Plaintiff's allegations do not demonstrate a RESPA violation, and the claim should be dismissed.

Second, even if the February 2019 Letter was Nationstar's response to Plaintiff's November 9 QWR, it satisfies RESPA's requirements.  Under Section 2605e, Nationstar must conduct an investigation and provide Plaintiff with a written explanation or clarification that includes (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and (ii) the name and telephone number of an employee who can provide assistance to the borrower.  12 U.S.C. § 2605(e)(2)(C).  RESPA, however, does not require a servicer to respond to a request that seeks "confidential, proprietary or privileged information." *See* 12 C.F.R. § 1024.35(e).

As evidenced by the February 2019 Letter, Nationstar complied with Section 2605(e)(2)(C)'s requirements.  Nationstar conducted an investigation into Plaintiff's account and provided a list of all fees associated with the account, including BPOs, property inspections, and

10

foreclosure fees and costs. *See* Compl. Ex. B. Nationstar informed Plaintiff that it could not provide third party invoices because the information was "confidential, proprietary, or privileged," which is permitted under 12 C.F.R. § 1024.35(e). Finally, Nationstar provided Plaintiff with the name and contact information of an employee that he could contact for further assistance. Compl. Ex. B ("If you have any questions, you can reach…Javier Garcia [at] 1-469-549-2415.")

As this Court held in *Bauer v. Roundpoint Mortg. Servicing Corp.*, such a response satisfies RESPA's requirements. *See* No. 18 C 3634, 2018 WL 5388206, at *6 (N.D. Ill. Oct. 29, 2018) (rejecting a similar RESPA claim where the servicer responded to Plaintiff's QWR with the information requested and contact information for further support) (citing *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1134–35 (11th Cir. 2014) (granting motion for summary judgement in favor of party satisfying its RESPA obligation, reasoning that "[a]lthough [the debtor] was confused and/or unsatisfied with [the] answer, the information provided an explanation ... and provided her with contact information for further support. This transparency and facilitation of communication is the goal of RESPA")). Other district courts have similarly dismissed RESPA claims at the pleadings stage when the response demonstrates compliance with Section 2605e's requirements.[2]

---

[2] *See e.g.*, *St. Claire v. Ditech Fin. LLC*, No. 1:17-CV-03370-AT-JFK, 2018 WL 3745052, at *7 (N.D. Ga. Apr. 26, 2018), report and recommendation adopted in part, rejected in part sub nom. *St. Claire v. Ditech Fin., LLC*, No. 1:17-CV-3370-AT-JFK, 2018 WL 4850127 (N.D. Ga. Sept. 21, 2018), reconsideration denied, No. 1:17-CV-3370-AT, 2018 WL 8459491 (N.D. Ga. Oct. 23, 2018) (finding that defendant complied with RESPA by providing the requested payment history and relevant contact information); *Russell v. Nationstar Mortg., LLC*, No. 14-61977-CIV-BLOOM/VALLE, 2015 WL 5819663, at *6 (S.D. Fla. Oct. 6, 2015) (rejecting plaintiff's claim that the servicer failed to comply with RESPA by not providing requested information because servicer explained that the information sought was "confidential and/or proprietary.").

2.    ***Plaintiff's RESPA Claim Fails Because He Has Not Identified Any Resulting Damages***

Even if Plaintiff had adequately alleged a violation of Section 2605e – which he has not – the Court should still dismiss the claim because Plaintiff fails to identify any resulting damages. Damages are a required element of a RESPA claim. *Saccameno,* 372 F. Supp. 3d at 637 . Thus, Plaintiff does not state a valid claim under RESPA where he or she fails to identify harm caused by the alleged deficient response to a QWR. *See e.g.*, *Kitty Yinling Zhang v. Countrywide Home Loans, Inc.*, 601 F. App'x. 567, 567 (9th Cir. 2015) (affirming district court's dismissal of plaintiff's RESPA claim alleging inadequate responses to QWRs for failure to identify resulting damages); *Battah v. ResMAE Mortgage Corp*., 746 F. Supp. 2d 869, 876 (E.D. Mich. 2010) ("To successfully plead a RESPA claim, Plaintiff must allege actual damages, which resulted from ... [a] failure to respond to Plaintiff's QWRs.... The complete absence of alleged damages warrants a dismissal of Plaintiff's RESPA claim."). Not only must Plaintiff identify actual damages, but he must show how the deficient QWR response *caused* those damages. *See Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 795–96 (E.D. Mich. 2010) ("Because Plaintiff has completely failed to allege any causal link between Naitonstar's allegedly inadequate response to his QWRs and any actual damages suffered, his Complaint fails to plead a plausible RESPA claim.").

In the Complaint, Plaintiff makes no attempt to identify specific harm he suffered as a result of Nationstar's response to his QWR. Nor can he, given that Nationstar provided all of the information required under RESPA. Similarly, the Complaint contains no explanation for how such a violation could have *caused* Plaintiff actual harm. Because Plaintiff has not identified any resulting damages, his RESPA claim must be dismissed.

### D.     __Plaintiff's TILA Claim Fails__

Plaintiff alleges that Defendants violated TILA by responding to Plaintiff's March 28, 2019, request for a payoff statement (the "March 28 Request") with an April 18, 2019, letter asking Plaintiff to contact Nationstar (the "April 18 Letter"). Compl. ¶¶ 51-52, Exs. J and L. Plaintiff claims the April 18 Letter violated TILA's requirement that Defendants provide Plaintiff a payoff statement upon request. This claim fails for two reasons. First, the documents attached to the Complaint contradict Plaintiff's allegation that Nationstar sent the April 18 Letter *in response* to Plaintiff's March 28 Request. Second, neither Defendant is liable under TILA because they were not the original creditors on Plaintiff's loan.

#### 1.     *The April 18 Letter Is Not A Response To Plaintiff's March 28th Request*

The April 18 Letter expressly indicates that it is a response to Plaintiff's "inquiry on April 4, 2019." Compl. Ex. L. Plaintiff claims that Defendants received his March 28 Request on April 2, not April 4. Compl. ¶ 53. Furthermore, Nationstar's April 18 Letter makes no mention of a payoff request. Compl., Ex. L. Thus, Plaintiff's allegation that Defendants violated TILA by sending the April 18 Letter in response to the March 28 Request is patently incorrect and the Court should not accept it as true. *See Ventre*, 1996 WL 66115, at *2 (The Court need not accept as true facts contradicted by the record.). Because Plaintiff's factual allegations do not establish a violation under TILA, this claim should be dismissed.

#### 2.     *Neither Defendant Is Liable Under TILA*

More importantly, even if Plaintiff's allegations did show a TILA violation, his TILA claim must be dismissed because neither Nationstar nor TIAA Bank can be held liable under TILA.

First, TILA does not impose liability on servicers. *See Knopp v. Wells Fargo Bank, N.A.*, No. 16 C 2330, 2017 WL 7693399, at *6 (N.D. Ill. Jan. 30, 2017) (citing 15 U.S.C. §

1641(f)(1)) ("A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation"); *Iroanyah v. Bank of Am.*, 753 F.3d 686, 688 n.2 (7th Cir. 2014) (finding that servicer and nominee of loan could not be liable for damages under TILA). Here, Plaintiff admits that Nationstar is the servicer of his loan. Compl. ¶ 30. Thus, Plaintiff's TILA claim as alleged against Nationstar must be dismissed.

Second, TIAA Bank is not liable under TILA because, as a general rule, TILA only imposes liability on original creditors of a loan, not assignees. 15 U.S.C. § 1602(g). TILA defines "creditor" as the person to whom the debt is initially payable. *Id.* Here, Freedom Mortgage is the original creditor of Plaintiff's loan, not TIAA Bank. *See* RJN, Ex. 1.

TILA only imposes liability on assignees "if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary." 15 U.S.C. § 1641(a). It follows that TIAA Bank can only incur liability for Plaintiff's TILA claim if the alleged Payoff Statement error was "apparent on the face of the ***disclosure statement***." *Id.* (emphasis added). The Eleventh Circuit held that alleged payoff statement errors are not the type than can impose assignee liability, because they are not "disclosure statements." *Evanto v. Fed. Nat. Mortg. Ass'n*, 814 F.3d 1295, 1297–98 (11th Cir. 2016). The Court explained that a "disclosure statement is a document provided before the extension of credit that sets out the terms of the loan." *Id.* at 1297. Because a "payoff balance can be provided only after a loan has been made and contains the amount yet to be repaid, ... [t]here is no way that the failure to provide a payoff balance can appear on the face of the disclosure statement." *Id.*

Other district courts have reached similar conclusions, holding that an assignee cannot be held liable for a TILA claim based on a payoff statement issued after the loan originated. *See e.g.*, *Kemp v. Seterus, Inc.*, 348 F. Supp. 3d 443, 448 (D. Md. 2018) ("[Plaintiff's] claim of violations for inaccurate payoff balances are not cognizable TILA claims against Fannie Mae as an assignee."); *Bernstein v. Wells Fargo & Co.*, No. 1:18-CV-02887-RWS-CMS, 2018 WL 7018007, at *9 (N.D. Ga. Nov. 28, 2018), report and recommendation adopted sub nom. *Bernstein v. Wells Fargo Bank, N.A.*, No. 1:18-CV-2887-RWS, 2019 WL 177206 (N.D. Ga. Jan. 3, 2019) (finding that plaintiff's allegation that its servicer refused to provide a payoff statement was insufficient to state a claim under TILA); *Perdum v. Wells Fargo Home Mortg.*, No. 1:17-CV-00972-SCJ-JCF, 2017 WL 8186694, at *17 (N.D. Ga. Dec. 8, 2017) (defendant cannot be liable for failing to provide a payoff balance under TILA because it is not the original creditor). This Court should follow the Eleventh Circuit and other district courts in finding that the payoff statement does not create a valid basis for liability of an assignee under TILA.

Because TILA does not impose liability on either of the Defendants, the Court should dismiss this claim.

## V.     <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

Dated:     July 31, 2019                 Respectfully submitted,

**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER**

**TIAA, FSB D/B/A AS TIAA BANK**

By: */s/ Molly S. DiRago*
    Of Counsel

Mary ("Molly") S. DiRago (IL Bar No. 6282757)
TROUTMAN SANDERS LLP
One North Wacker Drive, Suite 2905
Chicago, IL 60606
Telephone: (312) 759-1926
Email: Molly.DiRago@troutman.com

*Counsel for Defendants*

16